UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KATURIA D'AMATO, individually and as
parent and natural guardian for ALFONSO and
LUCIANA D'AMATO, infants under the age                     VERIFIED PETITION
of 14 years,
                                                           2:19-cv-01398 (JMA)(ARL)
                    Plaintiffs/Petitioners,

        -against-

ALFONSE D'AMATO; PARK STRATEGIES, LLC;
GASSMAN, BAIAMONTE, GRUNER, P.C.;
STEPHEN GASSMAN, ESQ.; JOSHUA GRUNER,
ESQ.; THE COUNTY OF NASSAU;
THE NASSAU COUNTY POLICE DEPARTMENT;
NASSAU COUNTY POLICE OFFICER VINCENT
ADAMO; NASSAU COUNTY POLICE OFFICER
JIMMY LEE; NASSAU COUNTY POLICE
SGT. JAMES LORENZEN; NASSAU COUNTY
POLICE DEPUTY INSPECTOR FRANCES BEIN;
NASSAU COUNTY DETECTIVE JASON HERNANDEZ,
NAMDI ODIAH, M.D.; RICHARD MURPHY, C.E.O. OF
SOUTH NASSAU COMMUNITIES HOSPITAL;
SOUTH NASSAU COMMUNITIES HOSPITAL;
JOSHUA KUGLAR, M.D.; STANLEY REDDY, M.D.;
MARK GREEN, ESQ.; HON. JOSEPH H. LORINTZ;
PATRICK RYDER, NASSAU COUNTY POLICE
COMMISSIONER; DAVID MACK, NASSAU COUNTY
DEPUTY POLICE COMMISSIONER; THE COUNTY
OF SUFFOLK; JAMES CASH; CATHERINE CASH;
DAVID SMITH, INTERNATIONAL INVESTIGATION
GROUP, LTD; DANIEL RIBACOFF, Individually and as
the Chief Operating Officer of INTERNATIONAL
INVESTIGATION GROUP, LTD.; LISA RIBACOFF,
Individually and as International Operations Manager of
INTERNATIONAL INVESTIGATION GROUP, LTD.;
SAUL ROTH; HON. MADELINE SINGAS, District
Attorney of Nassau County and SCHLISSEL, OSTROW
& KARABATOS, PLLC, all jointly and individually,

                    Defendants/Respondents.
------------------------------------------------------------------X

Katuria D'Amato, the petitioner herein, by her attorneys, the Law Offices of Thomas F. Liotti, LLC, with offices located at 600 Old Country Road, Suite 530, Garden City, New York, 11530, respectfully alleges as follows:

1. I am the Petitioner in the above-referenced matter and as such I am fully familiar with the facts and circumstances described herein.

2. I am the defendant in an underlying matrimonial case pending in the Supreme Court, Nassau County, to wit: *Anonymous 2017-1 v. Anonymous 2017-2*, Index No. 202477/2017 (as consolidated with Index No. 309600/2017) where my rights pursuant to 42 *U.S.C.* §1983 and the Fourteenth Amendment of the United States Constitution are being violated with impunity.

3. As noted in my complaint, I am married to Alfonse D'Amato, the former United States Senator and for the past twenty years, a lobbyist. (The Complaint in this matter has been served on all parties and is on the Court's docket sheet)

4. On September 30, 2017 Mr. D'Amato lied to the police and as a result, I was taken to a hospital, against my will, on a "mentally aided call".

5. As a result of those lies and others made by Mr. D'Amato and his lawyers, the Court by Justice Joseph H. Lorintz entered *ex parte* orders against me on October 5, 2017 which then compelled me to agree to a So Ordered Stipulation under duress on October 11, 2017 which limits my time with my children, ages 11 and 9 to three (3) days per week of supervised visitation.

6. While there have been a number of Constitutional violations committed or condoned by Justice Lorintz, perhaps the most egregious, in addition to his *ex parte* orders is his disqualification of my counsel, Thomas F. Liotti, Esq. on October 23, 2018 for alleged violations

2

of Rules 4.2 and 3.7 of the Code of Professional Responsibility which did not occur. While this ruling is the subject of appeals in New York State Courts, by the time it is decided, my case will be tried and I fear my children permanently damaged because Justice Lorintz has clearly been influenced by my husband and his lawyers to decide this case against me. See letter to Hon. Michael V. Coccomo attached hereto as Exhibit "A" and letter to Hon. Joseph H. Lorintz from Katuria D'Amato dated February 5, 2019, attached as Exhibit "B".

7. While I am a lawyer I have been ill recently and I have never tried a case before this one where I have been compelled to do so due to the emotional and financial hardships which my children and I face given my husband's boundless influence.

8. I am bringing this Petition and Order to Show Cause under the All Writs Act, 28 U.S.C. §1651 (2008). See also, Liotti, Thomas F., Enjoining State Courts Under The All Writs Act: How To Stop Frivolous Litigation, New York State Bar Association, Commercial and Federal Litigation Section Newsletter, a publication of the Commercial and Federal Litigation Section of the New York State Bar Association, Summer, 2010, Vol. 16, No. 2 at 1, 9, 10 11 and 12 and the Nassau Lawyer, October, 2010 at 3, 16 and 17 (copy attached as Exhibit "C").

9. There are no other adequate means to obtain the relief requested since a continuing temporary custody hearing has been rescheduled. It alone has lasted for eighteen months, during which my young children have suffered to a degree that defies all possible description. See, *Ken v. United States District Court for the Northern District of California*, 426 U.S. 394 (1976) and *Allied Chemical Corp. v/ Daiflon, Inc.*, 499 U.S. 33 (1980). This Court's authority to issue the Writ is "clear" and "indisputable". *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655 (1978) and *Allied Chemical Corp., supra.*

10. The State Trial Court's order of October 23, 2018 is attached as Exhibit "D" and the Appellate Division's order of November 28, 2018 is attached as Exhibit "E".

11. My application to appeal to the New York Court of Appeals, without exhibits, is also attached as Exhibit "F". See letter from Judge Fahey attached as Exhibit "G".

12. The writ is necessary and appropriate to this particular case which alleges a conspiracy among the respondents to deprive me of my rights.

13. A writ under these circumstances is "agreeable to the usages and principles of law" as set forth herein.

14. The All Writs Act first came into existence in 1789 in Section 14 of the Judiciary Law which provided that: "all courts of the United States should have power to issue writs *scire facias*, *habeas corpus*, and all other writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the principles and usages of "law".

15. The need for a preliminary injunction is "compelling". See, *F.T.C. v. Pepsi Co., Inc.*, 477 F.2d 24 (2d Cir. 1973). See also, Thomas F. Liotti, Enjoining State Courts Under the All Writs Act: How to Stop Frivolous Litigation, New York State Bar Association, Commercial and Federal Litigation Section Newsletter, a publication of the Commercial and Federal Litigation Section of the New York State Bar Association, Summer, 2010, vol. 16, no. 2 at 1, 9, 10, 11 and 12 and the Nassau Lawyer, October, 2010 at 3, 16 and 17 (copy attached as Exhibit "C").

16. This petition is based upon a request that this Court stop the Nassau Supreme Court from conducting any acts, hearings or trials in the aforementioned matrimonial cases for

4

the reason that the Justice assigned should be recused and the matters transferred to a different county and Justice wherein my attorney, Thomas F. Liotti is reinstated as my counsel. See, *McClellan v. Carland*, 217 U.S. 268 (1910) and Lonny Sheinkopf Hoffman, Removal Jurisdiction and the All Writs Act, 148 University of Pennsylvania Law Review 401 (1999). The Nassau County Supreme Court does not have jurisdiction over me.

17. As noted in the attached plenary action the respondent, my husband, is a former United States Senator and a lobbyist for the past twenty years who has used his influence and campaign contributions to make judges and in order to curry their favor.

18. If this Court does not grant this relief, my children and I will, and already have suffered substantial hardships. *Morrow v. District of Columbia*, 417 F.2d 728 (1969). This case falls within an exception to the Anti-Injunction Act, 28 *U.S.C.* §2283 (2008) in that the issuance of a writ will be in aide of its jurisdiction. 28 *U.S.C.* §1651(a) and *Ken v. United States District Court for the Northern District of California*, 426 U.S. 394 (1976) and *Allied Chemical Corp. v. Daiflon, Inc.*, 499 U.S. 33 (1980). While this may be a case of first impression, a writ is still needed. *International Union, United Auto, Aerospace and Agr. Implement Workers of America v. National Caucus of Labor Committees*, 525 F. 323 (2nd Cir. 1975). There is no other means to obtain the relief applied for herein.

19. My attorney has been disqualified from representing me in a matrimonial case in the middle of a temporary custody hearing where the State Supreme Court had entered *ex parte* protective and custody orders against me without having obtained jurisdiction over me. The court has disqualified my counsel contrary to the law and for alleged violations of the Code of Professional Responsibility Rules 4.2 and 3.7 which in fact never occurred. See, Liotti, Thomas

5

F. and Lucia Maria Ciaravino, <u>The Disqualification of Attorneys</u>, Outside Counsel, New York Law Journal, October 2, 2018 at 4 & 10 (attached as Exhibit "H") and a Memorandum of Law dated August 8, 2018, copy attached as Exhibit "I".

20. I am being left to represent myself. While I am a lawyer, I have never tried a case before the aforesaid matrimonial case.

21. The Trial Court has a clear bias against me because my husband helped to engineer Justice Lorintz's cross endorsement in 2016 when he was first elected to the Supreme Court. In addition, my husband's attorneys, the Attorney for the Children and the forensic psychologist, the latter being appointed by Justice Lorintz, all contributed to the Justice's campaign in 2016. The fees of the latter two are being paid by my husband.

22. My home was illegally entered by the Nassau County Police Department, my property was illegally seized and I was taken to the hospital against my will on a "mentally aided call" because my husband lied to the police telling them that I had a prior psychiatric history which I do not have and that I take Lithium for a bipolar disorder which I also do not have and which drug I have never been prescribed or taken.

23. In taking me to the hospital the police violated New York's Mental Hygiene Law and my experts can prove that. Moreover, once being brought to the South Nassau Communities Hospital I was kept there for three (3) days, September 30, 2017 through October 2, 2017 contrary to the same Mental Hygiene Law. I was not psychotic or a danger to anyone. My psychiatric expert has substantiated that as well.

24. In obtaining *ex parte* orders, my husband and his lawyers lied to the Court telling the Justice that in September 30, 2017 that I was loading a shotgun. This was a blatant lie.

6

WHEREFORE, I respectfully request that this Court grant my Petition in all respects and for such other and further relief as to the Court may seem just and proper.

DATED:     Garden City, New York
           April 16, 2019

_____
THOMAS F. LIOTTI, ESQ.
LAW OFFICES OF THOMAS F. LIOTTI
Attorneys for Plaintiff/Petitioners
600 Old Country Road, Suite 530
Garden City, New York 11530
(516) 794-4700

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KATURIA D'AMATO, individually and as
parent and natural guardian for ALFONSO and
LUCIANA D'AMATO, infants under the age            VERIFICATION
of 14 years,

                                                      2:19-cv-01398 (JMA)(ARL)

                        Plaintiffs/Petitioners,
      -against-

ALFONSE D'AMATO; PARK STRATEGIES, LLC
GASSMAN, BAIAMONTE, GRUNER, P.C.;
STEPHEN GASSMAN, ESQ.; JOSHUA GRUNER,
ESQ.; THE COUNTY OF NASSAU;
THE NASSAU COUNTY POLICE DEPARTMENT;
NASSAU COUNTY POLICE OFFICER VINCENT
ADAMO; NASSAU COUNTY POLICE OFFICER
JIMMY LEE; NASSAU COUNTY POLICE
SGT. JAMES LORENZEN; NASSAU COUNTY
POLICE DEPUTY INSPECTOR FRANCES BEIN;
NASSAU COUNTY DETECTIVE JASON HERNANDEZ,
NAMDI ODIAH, M.D.; RICHARD MURPHY, C.E.O. OF
SOUTH NASSAU COMMUNITIES HOSPITAL;
SOUTH NASSAU COMMUNITIES HOSPITAL;
JOSHUA KUGLAR, M.D.; STANLEY REDDY, M.D.;
MARK GREEN, ESQ.; HON. JOSEPH H. LORINTZ;
PATRICK RYDER, NASSAU COUNTY POLICE
COMMISSIONER; DAVID MACK, NASSAU COUNTY
DEPUTY POLICE COMMISSIONER; THE COUNTY
OF SUFFOLK; JAMES CASH; CATHERINE CASH;
DAVID SMITH, INTERNATIONAL INVESTIGATION
GROUP, LTD; DANIEL RIBACOFF, Individually and as
the Chief Operating Officer of INTERNATIONAL
INVESTIGATION GROUP, LTD.; LISA RIBACOFF,
Individually and as International Operations Manager of
INTERNATIONAL INVESTIGATION GROUP, LTD.;
SAUL ROTH; HON. MADELINE SINGAS, District
Attorney of Nassau County and SCHLISSEL, OSTROW
& KARABATOS, PLLC, all jointly and individually,

                        Defendants/Respondents.
------------------------------------------------------------------X

STATE OF NEW YORK  )
                                    ss.:
COUNTY OF NASSAU  )

    KATURIA D'AMATO, being duly sworn, deposes and says that deponent is the petitioner in the above-captioned action; that he has read the foregoing Order to Show Cause and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

_____<br>KATURIA D'AMATO

Sworn to before me this

16th day of April, 2019

_____
Notary Public

JEAN M. LAGBASTA
Notary Public, State of New York
No. 30-4669304
Qualified in Nassau County
Commission Expires Oct. 31, 2022

9