UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KATURIA D'AMATO,
*individually and as parent and natural guardian
for A.D. and L.D., infants under the age of 14 years,*

                              Plaintiffs,

             -against-

ALFONSE D'AMATO, et. al,

                             Defendants.
----------------------------------------------------------------X

For Online Publication Only

**ORDER**
19-CV-1398 (JMA) (ARL)

**AZRACK, United States District Judge:**

Plaintiffs ask this Court to "temporarily restrain the State Supreme Court of Nassau County and Justice Joseph H. Lorintz," from presiding over a "divorce and temporary custody hearing . . . currently scheduled to resume on April 29, 2019." (Pl.'s Mem. at 3; Proposed Order to Show Cause at 1.)

The Court declines to sign Plaintiffs' Proposed Order to Show Cause and denies Plaintiffs' request for a temporary restraining order.

A. **Standard for a Temporary Restraining Order**

In the Second Circuit, the standard for entry of a temporary restraining order is the same as for a preliminary injunction. Andino v. Fischer, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) (collecting cases). To obtain a preliminary injunction a party must demonstrate "(1) irreparable harm; and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits, and a balance of hardships tipping decidedly in the [movant's] favor." MyWebGrocer, LLC v. Hometown Info., Inc., 375 F.3d 190, 192 (2d Cir. 2004) (internal quotation marks omitted).

**B. Analysis**

Plaintiffs' request for a stay of the state court action is meritless. In support of this extraordinary request, Plaintiffs have submitted a three-page Memorandum of Law that does not cite a single case in a remotely similar procedural posture. As explained below, Plaintiffs' request for injunctive relief is barred by the Younger abstention doctrine, Section 1983's prohibition on injunctions against judges, and the Anti-Injunction Act. Plaintiffs' request for injunctive relief is also precluded by the Domestic Relations Exception and the Rooker-Feldman doctrine. Plaintiffs' papers raise meritless arguments about the Anti-Injunction Act and say nothing about the other authority cited above, all of which is clearly relevant to the extraordinary injunctive relief Plaintiffs seek here.

**1. Younger Abstention**

Plaintiffs' request for a stay of the state court proceedings is foreclosed by the Younger abstention doctrine. See Younger v. Harris, 401 U.S. 37 (1971). In this federal suit, Plaintiffs challenge Justice Lorintz's decision not to recuse himself as well as Justice Lorintz's decision to disqualify Plaintiff Katuria D'Amato's counsel, Mr. Liotti, from representing her in the state court action. Plaintiffs seek an injunction staying the state court action before Justice Lorintz, claiming that those decisions, as well as other rulings by Justice Lorintz, violated their constitutional rights.

Younger abstention applies when the federal court action would interfere "with pending 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78 (2013) (quoting New Orleans Public Service, Inc. ("NOPSI") v. Council of City of New Orleans, 491 U.S. 350, 373 (1989)).

Younger abstention applies here and precludes the Court from granting Plaintiffs' requested injunction. See Falco v. Justices of the Matrimonial Parts of Supreme Court of Suffolk Cty., 805 F.3d 425, 428 (2d Cir. 2015) (finding plaintiff's challenge to the "constitutionality of the New York laws that authorize State judges to order parents to pay for attorneys appointed for their children" required abstention under Younger because "the selection and compensation of court-appointed counsel for children are integral to the State court's ability to perform its judicial function in divorce and custody proceedings"); Bukowski v. Spinner, 709 F. App'x 87, 88 (2d Cir. 2018) (affirming "the dismissal of [plaintiff's] complaint on the ground that federal-court abstention is required under Younger . . . insofar as [plaintiff] seeks declaratory or injunctive relief that would interfere with a "[s]tate court's ability to perform its judicial function in . . . [an ongoing] custody proceeding[]") (quoting Falco, 805 F.3d at 425); Aaron v. O'Connor, 914 F.3d 1010, 1017 (6th Cir. 2019) ("We conclude that the ability of the courts of the State of Ohio to determine when recusal of a judge or justice is appropriate and to administer the recusal decision process in accordance with state law operates 'uniquely in furtherance of the state courts' ability to perform their judicial functions.'" (quoting NOPSI, 491 U.S. at 368)).

**2. Section 1983 Bars the Requested Injunctive Relief Against Justice Lorintz**

The complaint names Justice Lorintz as a defendant and Plaintiffs ask this Court to enjoin Justice Lorintz from proceeding in the state court action.

Any claims Plaintiffs have for injunctive relief under Section 1983 against Justice Lorintz are precluded by the text of Section 1983, which states that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, no declaratory decree was violated and declaratory relief is available to

3

Plaintiffs through an appeal of Justice Lorintz's decisions in state court. See McKeown v. N.Y. State Comm'n on Judicial Conduct, 377 F. App'x 121, 124 (2d Cir. 2010) ("To the extent that Appellant seeks injunctive relief against Judge Scarpino, moreover, Appellant does not allege that a declaratory decree was violated or that declaratory relief was unavailable, and so § 1983 relief is not available."); LeDuc v. Tilley, No. 05-CV-157, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) ("Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

### 3. The Anti-Injunction Act Bars Any Other Claims for Injunctive Relief

Plaintiffs seek injunctive relief as a remedy for their claims under Section 1983, (see Proposed Order to Show Cause), and it does appear that Plaintiffs seek injunctive relief for any of their other claims. In any event, to the extent Plaintiffs seek injunctive relief for any non-Section 1983 claims, any such request for injunctive relief is precluded by the Anti-Injunction Act.

As the Second Circuit has explained:

> The All Writs Act, 28 U.S.C. § 1651(a), provides federal courts with the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." This grant of authority is limited by the Anti-Injunction Act, 28 U.S.C. § 2283, which bars a federal court from enjoining a proceeding in state court unless that action is "expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."
>
> * * * *
>
> In interpreting the Anti-Injunction Act, the Supreme Court has directed that "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy."

Ret. Sys. of Ala. v. J.P. Morgan Chase & Co., 386 F.3d 419, 425–26 (2d Cir. 2004) (quoting Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 297 (1970).).

4

Plaintiffs assert, in conclusory fashion, that an injunction is necessary "to effectively manage this federal action involving some parties who are not parties to the State Court matrimonial proceedings and yet they have contributed to the violations of this plaintiff's rights." (Pl.'s Mem. of Law at 1.) This argument is meritless. Although "an injunction may be appropriate even in <u>in personam</u> actions under certain limited circumstances," <u>Ret. Sys. of Ala.</u>, 386 F.3d at 426, no such circumstance exist here.

Similarly, Plaintiffs' argument that the All Writs Act empowers federal courts to enjoin state court proceedings in order "to permit the federal court to protect its settlements efforts" has no relevance to the instant suit, which, <u>inter alia</u>, only involves three plaintiffs (not a class), was recently filed, and is not close to settlement. <u>Cf.</u> <u>In re Joint E. & S. Dist. Asbestos Litig.</u>, 134 F.R.D. 32, 37 (E.D.N.Y. 1990) (staying state court actions while federal court was in the midst of class settlement process).

Plaintiffs' request for injunctive relief is denied as they have failed to show that their requested injunction is "necessary in aid of [this Court's] jurisdiction, or to protect or effectuate [this Court's] judgments." 28 U.S.C. § 2283.

**4. The Domestic Relations Exception**

The Domestic Relations Exception also precludes this Court from exercising jurisdiction over Plaintiffs' claims for injunctive relief. <u>See</u> <u>Amato v. McGinty</u>, No. 17-CV-593, 2017 WL 9487185, at *9 (N.D.N.Y. June 6, 2017), <u>report and recommendation adopted</u>, No. 17-CV-00593, 2017 WL 4083575 (N.D.N.Y. Sept. 15, 2017) ("In order to return custody of CB to plaintiff, or to 'enjoin' the state court's orders, this court would have to re-determine the judge's decision in the custody matter. This would also involve resolving factual disputes regarding custody and visitation. This court is divested of jurisdiction to make such determinations.")

### 5. The Rooker-Feldman Doctrine

To the extent that Plaintiffs' claim for injunctive relief seeks to challenge any of Justice Lorintz's orders that qualify, under the Rooker-Feldman doctrine, as "state court judgments" rendered prior to the filing of this action, Plaintiffs' request for injunctive relief is also barred by the Rooker-Feldman doctrine. See Szymonik v. Connecticut, No. 18-CV-263, 2019 WL 203117, at *3–5 (D. Conn. Jan. 15, 2019), appeal filed (2d Cir., Jan. 22, 2019).

### C. Conclusion

For the reasons stated above, Plaintiffs' request for a temporary restraining order is denied. The Court declines to sign Plaintiffs' Proposed Order to Show Cause. Because Plaintiffs' claim for injunctive relief appears patently meritless, the Court will not order an expedited briefing schedule for Plaintiffs' motion for a preliminary injunction. If Plaintiffs still wish to pursue their motion for a preliminary injunction, they shall inform the Court, via letter filed on ECF, by April 24, 2019. Plaintiffs' counsel is reminded of his obligations under Federal Rule of Civil Procedure 11.

Dated: April 19, 2019  
Central Islip, New York

                                    /s/ (JMA)  
                                    JOAN M. AZRACK  
                                    UNITED STATES DISTRICT JUDGE