UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KATURIA D'AMATO,
*individually and as parent and natural guardian
for A.D. and L.D., infants under the age of 14 years,*

                      Plaintiffs,

      -against-

ALFONSE D'AMATO, et. al,

                      Defendants.
------------------------------------------------------------X

For Online Publication Only

FILED
CLERK
11:05 am, Feb 07, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
19-CV-1398 (JMA) (ARL)

**AZRACK, United States District Judge:**

      Plaintiff's Amended Complaint is 79 pages long, raises thirty-one claims, and named over thirty parties as defendants. The Court's November 10, 2021 minute entry instructed Plaintiff that "[i]n the event the case still goes forward, she must file a letter with the Court clarifying, for each of the claims, which specific defendants the claim is being brought against by 1/10/2022." This directive was also relayed to Plaintiff during the November 10, 2021 conference. A copy of the minute entry was mailed to Plaintiff. Plaintiff did not file this letter by January 10, 2022.

      On January 11, 2022, defendants Namdi Odiah, M.D. and South Nassau Communities Hospital (the "South Nassau Defendants") filed a letter motion with the Court requesting that the Court dismiss Plaintiff's claims against them for failure to comply with the Court's November 10, 2021 order. On January 12, 2022, Suffolk County filed a similar letter motion seeking dismissal of Plaintiff's claims against Suffolk County. On January 13, 2022, Supreme Court Justice Joseph Lorintz filed a similar letter motion seeking dismissal of Plaintiff's claims against him based on her failure to comply with the Court's order as well as the doctrine of absolute judicial immunity. To date, Plaintiff has not complied with the Court's orders and has not responded, in any fashion, to the letters from these Defendants.

1

The Court finds that Plaintiff has disregarded the Court's orders and has failed to prosecute this action. Plaintiff's failure to file the letter required by the Court's orders is prejudicial to all Defendants who are preparing motions to dismiss in response to Plaintiff's complaint. In addition to Plaintiff's disregard of the Court's orders and the letters filed by various defendants, Plaintiff's 79-page complaint is deficient under Federal Rule of Civil Procedure 8(a). Notably, even prior to the Court's November 10, 2021 conference and minute order, various Defendants argued in pre-motion conference letters and other filings that Plaintiff's complaints were deficient under Rule 8(a) and should be dismissed on that ground. See, e.g., ECF No. 59 ("[T]he allegations in the Complaint here are pleaded so ambiguously as to the nature of each Defendant's participation in the purported misconduct that the complaint fails to meet even the basic pleading requirements of Rule 8(a). . . This vague and amorphous pleading does not provide Defendants with the basic notice required to assess the legal sufficiency of Plaintiffs' claims. This, alone, warrants dismissal of the Complaint in its entirety."); ECF No. 61 ("The Complaint's vague allegations fail to meet the general pleading requirements of F.R.C.P. Rule 8(a), as the defendants are not apprised of their specific purported misconduct and cannot frame an appropriate response."); ECF No. 82 ("As several defendants have already advised the Court in connection with their pre-motion conference letters, the Complaint is patently insufficient and improper on multiple levels. As an initial matter, it is essentially impossible to determine which causes of actions have been asserted against which defendants, making it exceedingly difficult to address alleged wrongdoing. The allegations are pleaded so amorphously that the complaint does not even meet the concededly liberal pleading standards set forth in Fed. R. Civ. P. 8(a). This defect alone should, respectfully, warrant dismissal of the Complaint in its entirety.").

Given all of the above, the Court dismisses, with prejudice, all claims against the South Nassau Defendants, Justice Lorintz, and Suffolk County. Plaintiff is directed to file a letter by February 21, 2022 clarifying, for each of the claims and the remaining defendants, which specific defendants each claim is being brought against. If Plaintiff fails to file this letter by February 21, 2022, the claims against all the remaining defendants will be dismissed with prejudice. The briefing schedule for the motions to dismiss is hereby stayed until the Court directs otherwise.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

Dated: February 7, 2022
Central Islip, New York

                                                    /s/ (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE